[No. 19562.  Department Two.  April 12, 1926.]

M. E. LOVETTE, *Appellant*, v. J. J. MORRIS *et al.*,
*Respondents.*[1]

[1] APPEAL (267)—RECORD—STATEMENT OF FACTS—NECESSITY. In the
absence of a bill of exceptions or statement of facts in an action
at law, the only question for review on appeal is whether the
findings support the judgment.

Appeal from a judgment of the superior court for
Douglas county, Jeffers, J., entered February 6, 1925,
upon findings in favor of the defendants, in an action
of replevin, tried to the court.  Affirmed.

*J. A. Cross*, for appellant.

*John W. Hanna*, for respondents.

MAIN, J.—This was a replevin action brought for
the purpose of recovering the possession of certain per-
sonal property.  The cause was tried to the court with-
out a jury, and resulted in findings of fact to the effect
that the title and the right to the possession of the
property in question was in the defendant, the Union
Warehouse and Milling Company.  A judgment was
entered dismissing the action, from which the plain-
tiff appeals.

[1] No bill of exceptions or statement of facts has
been brought to this court, and the only question there-
fore is whether the findings support the judgment.
This has been so often held that it is unnecessary here
to assemble the cases.

The trial court found as follows:

"That the title to the personal property described in
plaintiff's complaint to wit:  One (1) 14 ft. McCormick
header with platform draper and one (1) P. & O. gang
plow, which said property is now in the custody of the

sheriff of Douglas county, Washington, is in the defendant, Union Warehouse and Milling Company, and that said defendant is entitled to the immediate possession of same; said defendant, Union Warehouse and Milling Company being given leave upon oral motion made in open court in the trial of said cause to amend its answer on file herein to conform to the facts as shown by the testimony.

"III.

"That plaintiff, M. E. Lovette, has failed to establish ownership of the property described in his complaint on file herein or any part thereof."

If these facts are true, and they must be taken to be such, it follows that the judgment should be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.